UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| RAUHAUS FREEDENFELD & ASSOCIATES, LLP,<br><br>Plaintiff,<br><br>v.<br><br>BORRELLI & PARTNERS, INC.,<br><br>Defendant. | Civil Action No.: |

**COMPLAINT**

This is an action to recover amounts owed under a professional design agreement for services RFA performed in connection with the design and construction of a facility for the Pet Alliance of Greater Orlando. Although RFA performed the services required of it and invoiced Borrelli in accordance with the parties' agreed compensation formula, Borrelli has refused to pay the outstanding balance due.

**Parties**

1. Plaintiff Rauhaus Freedenfeld & Associates, LLP ("RFA") is a limited Liability Partnership organized under the laws of Massachusetts, with its principal place of business in Middlesex County, Massachusetts, and with partners who are citizens of Massachusetts.

2. Defendant Borrelli & Partners, Inc. ("Borrelli") is a Florida corporation with a principal business address in Orlando, Florida, including 150 North Orange Avenue, Suite 120, Orlando, Florida 32801, and 720 Vassar Street, Orlando, Florida 32804.

## Jurisdiction and Venue

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states. The amount in controversy includes a principal balance of $99,524.88, plus contractual interest and legal fees that continue to accrue.

4. Venue is proper in the Middle District of Florida, Orlando Division, under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to RFA's claims occurred in this District and Division, and because Borrelli resides in this District. The project was the Pet Alliance of Greater Orlando, and Borrelli conducted business and communications from Orlando, Florida concerning the Contract, RFA's services, and the payment dispute.

5. Personal jurisdiction over Borrelli is proper because Borrelli is incorporated in Florida, maintains business addresses in Orlando, Florida, and transacted the acts at issue in this District and Division in connection with the Contract, RFA's services, and payment for the Pet Alliance of Greater Orlando project.

## General Allegations and Factual Background

7. RFA and Borrelli entered into a February 11, 2022 consulting agreement under which RFA provided professional design services to Borrelli for the Pet Alliance of Greater Orlando project, a true and accurate copy of which is attached hereto as Exhibit 1 (the "Contract").

8. Section 11.1 of the Contract requires Borrelli to compensate RFA in accordance with the compensation terms set out in Exhibits A and B of the Contract.

9. Exhibit A states that the fee for basic services shall be 7.25% of building construction costs, identifies total building construction costs of $8,800,000.00, which results in a basic-services fee of $638,000.00.

10. Exhibit B allocates the basic-services fee with 50.95% to Borrelli and 49.05% to RFA.

11. The building construction cost for the project increased from $8,800,000.00 to $10,061,168.00.

12. Applying the Contract's percentage-based fee to the revised construction cost of $10,061,168.00 yields a basic-services fee of $729,435.00.

13. On May 31, 2026, RFA issued an Adjusted Invoice #13659 for services from project initiation through May 31, 2026, reflecting a 7.25% architectural fee on $10,061,168.00 ($729,435.00), RFA's 49.05% allocation, total RFA billings to date of $357,787.86, prior billings credited of $258,262.98, and an outstanding balance of $99,524.88.

14. The adjusted invoice states that remittance is due within ten days of billing and that unpaid amounts outstanding after thirty days accrue interest at 1.8% per month.

15. On June 11, 2026, RFA, through counsel, demanded payment of $99,524.88 by June 18, 2026, and invited Borrelli to identify any contractual language that Borrelli believed excused or reduced the amount due.

16. On June 15, 2026, Borrelli responded and contended that the Contract does not automatically adjust RFA's compensation based on subsequent increases in construction cost; that no written amendment or approval authorized additional compensation; that neither the Owner nor the Design-Builder approved or funded an increase in architectural fees; and that

RFA's course of performance did not previously assert a fee adjustment tied to construction cost.

17. RFA did not learn about the increase in the construction cost until the construction of the Project was nearly complete.

18. On June 24, 2026, RFA, through counsel, responded that Section 11.1 and the incorporated Exhibits A and B supply the operative percentage-based fee; that Exhibit A ties the fee to total building construction costs; that applying the agreed formula to the $10,061,168.00 results in a $729,435.00 basic-services fee with a 49.05% allocation to RFA; and that the outstanding balance of $99,524.88 remains due.

19. Despite receiving RFA's services, invoice, and demand for payment, Borrelli has failed to pay the $99,524.88 balance due under Adjusted Invoice #13659, and contractual interest has accrued beginning thirty days after the May 31, 2026 billing date.

## Count I — Breach of Contract

20. RFA realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

21. The Contract is a valid and enforceable agreement between RFA and Borrelli for RFA's provision of professional design services on the Pet Alliance of Greater Orlando project.

22. RFA fully performed its obligations and issued Adjusted Invoice #13659 consistent with the Contract's compensation structure of 7.25% of building construction costs, with a 49.05% allocation to RFA.

23. Borrelli breached the Contract by refusing to pay the $99,524.88 balance due within the time required by the invoice and by failing to remit amounts owed under the Contract.

24. As a direct and proximate result of Borrelli's breach, RFA has suffered damages of at least $99,524.88, plus contractual interest at 1.8% per month accruing after thirty days from May 31, 2026, and such other amounts, including legal fees, recoverable under the Contract.

**Count II — Quantum Meruit/Unjust Enrichment (Pled in the Alternative)**

25. RFA realleges and incorporates by reference the preceding paragraphs as though fully set forth herein, to the extent not inconsistent with this count.

26. In the alternative to Count I, RFA conferred a substantial benefit on Borrelli by providing valuable professional design services on the Pet Alliance of Greater Orlando project, which Borrelli accepted and from which Borrelli benefited.

27. Borrelli had knowledge of, accepted, and retained the benefit of RFA's services.

28. Under the circumstances, it would be unjust for Borrelli to retain the benefit of RFA's services without paying the reasonable value of those services, including at least the outstanding balance of $99,524.88.

**Prayer for Relief**

RFA respectfully requests that the Court enter judgment in its favor and against Borrelli as follows:

a) On Count I, awarding damages for breach of contract in the principal amount of $99,524.88, plus contractual interest at 1.8% per month, accruing from thirty days after May 31, 2026, until paid, and any other amounts recoverable under the Contract and proven at trial;

b) In the alternative, on Count II, awarding the reasonable value of RFA's services, including at least $99,524.88, together with prejudgment interest as permitted by law; and

c) Awarding costs of suit and such other and further relief as the Court deems just and proper.

**Jury Demand**

RFA demands a trial by jury on all issues so triable.

Dated, this 13th day of November, 2026.

Respectfully submitted,

FREEMAN, MATHIS & GARY, LLP
Attorneys for Plaintiff
258 Southhall Lane, Suite 400
Maitland, FL 32751
Telephone: (407) 423-9545
Email: **Mike.Rigelsky@fmglaw.com**
**Ben.Dunlap@fmglaw.com**
**Mariam.Salmanzadeh@fmglaw.com**
**Dawn.Matthews@fmglaw.com**

By: *<u>/s/ Michael J. Rigelsky</u>*
MICHAEL J. RIGELSKY
FL Bar No.: 126168
BEN N. DUNLAP
Pro Hac Vice Pending
MARIAM SALMANZADEH
FL Bar No.: 1070269